# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARROD PALMER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:17-2369 |
| | : (JUDGE MANNION) |
| THE CITY OF SCRANTON, *et al.*, | : |
| Defendants | : |

## MEMORANDUM

Pending before the court is the partial motion to dismiss Counts I and III of the plaintiff's amended complaint, (Doc. 16), filed by defendants the City of Scranton, (the "City"), John Lubeck, Jason Knoch, Robert Stanek, and unknown individual(s) in the Scranton Police Department, ("SPD"), for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 21). For the reasons that follow, the partial motion to dismiss will be **DENIED**. However, the court will **DISMISS WITH PREJUDICE** plaintiff's claims against Lubeck, Knoch, Stanek and unknown individual(s) in the SPD in their official capacities.

## I.  RELEVANT BACKGROUND

According to the amended complaint, this action relates to events that took place on June 6, 2017 in the City.[1] Plaintiff, who was a minor at the time,

---

[1] The facts alleged in plaintiff's amended complaint must be accepted as true in considering the defendants' motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 Fed.Appx. 433, 435 (3d Cir. 2012); Evancho v. Evans,

1

was at a party and, he together with some of his friends, who were also minors, left in his truck. Plaintiff drove for five blocks and then he was stopped by Officer Lubeck of the SPD. Lubeck approached plaintiff's truck and told plaintiff that he was investigating whether plaintiff was drinking alcohol. Lubeck ordered plaintiff to get out of his truck and conducted a pat down search of plaintiff. Lubeck then administered a field sobriety test on plaintiff and plaintiff passed the test. Lubeck was going to allow plaintiff to leave but an unknown SPD officer arrived and documented the names of the plaintiff's friends in his truck. Lubeck then told plaintiff to wait for his supervisor to arrive. Officer Knoch arrived at the scene and began questioning the plaintiff while they waited for the supervisor to arrive. The supervisor, Officer Stanek, then arrived and spoke to Knoch.

Stanek then approached plaintiff and directed Lubeck to conduct another field sobriety test on plaintiff which he again passed. Plaintiff then called his mother to come and get him. While plaintiff was waiting for his mother, Knoch ordered Lubeck to arrest plaintiff for driving under the influence and to handcuff him. Knoch then directed Lubeck to take plaintiff to the SPD to undergo a chemical test of his blood to determine if he had any blood alcohol content ("BAC"). However, Lubeck refused to take plaintiff since his shift was over and since he did not believe that plaintiff was under the influence. Knoch then called an unknown SPD officer to the scene and directed him to take plaintiff for a chemical blood test. Plaintiff was taken into

423 F.3d 347, 350 (3d Cir. 2005).

custody and he was driven to the hospital by the unknown SPD officer to undergo a chemical test of his blood.

At the hospital, a nurse drew plaintiff's blood with a needle. The results of a chemical test of plaintiff's blood revealed that his BAC was 0.00%. After his blood was taken, plaintiff was transported to the SPD, fingerprinted and processed. Subsequently, he was released to his mother.

On August 11, 2017, plaintiff's criminal record was expunged by the Lackawanna County Court.

After plaintiff filed his amended complaint, defendants filed their partial motion to dismiss Count I, unconstitutional search and seizure claim under [§1983](), and Count III, a [§1983]() conspiracy claim. Counts I and III are asserted against all of the defendants.

The court has jurisdiction over this case pursuant to [28 U.S.C. §1331]() and [28 U.S.C. §1343(a)]() because plaintiff avers violations of his rights under the U.S. Constitution. The court can exercise supplemental jurisdiction over plaintiff's state law claim under 28 U.S.C. §1367. Venue is appropriate in this court since the alleged constitutional violations occurred in this district and all parties are located here. *See* [28 U.S.C. §1391]().

## II. DISCUSSION[2]

To state a claim under §1983, a plaintiff must meet two threshold requirements. He must prove that someone deprived him of a constitutional right while acting under the color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Liability under section 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. *See* Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997) (overturned on other grounds) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Acquiescence exists where "a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so." Festa v. Jordan, 803 F. Supp. 2d 319, 325 (M.D. Pa. 2011) (citation omitted).

Initially, the amended complaint names Lubeck, Knoch, Stanek, and the Doe defendants in both their individual and official capacities. To the extent plaintiff names the City as a defendant and sues Lubeck, Knoch, Stanek, and the Doe defendants in their official capacities, these defendants are part of the City itself. *See* Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) (Section 1983 suits against individuals in their official capacity "represent only another way of pleading an action against an entity of which an officer is an

---

[2]Since the standard of review applicable to the defendants' motion to dismiss is stated in the briefs of the parties, the court does not repeat it herein.

agent.") (citation omitted). Thus, plaintiff's claims against Lubeck, Knoch, and Stanek in their official capacities are redundant of the claims plaintiff asserts against the City. *See* Swedron v. Borough, 2008 WL 5051399, *4 (W.D. Pa. Nov. 21, 2008) (Court held that official capacity claims under §1983 against defendant police officers should be dismissed since they were redundant of the claims against defendant Borough) (citing Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988)); Brice v. City of York, 528 F.Supp.2d 504, 516 n. 19 (M.D. Pa. 2007) ("claims against state officials in their official capacities merge as a matter of law with the municipality that employs them."); Burton v. City of Phila., 121 F.Supp.2d 810 (E.D. Pa. 2000); Hill v. Bor. of Kutztown, 455 F.3d 225, 233 n. 9 (3d Cir. 2006).

As such, plaintiff's claims against Lubeck, Knoch, Stanek, and the Doe defendants in their official capacities are **DISMISSED WITH PREJUDICE**. Defendants Lubeck, Knoch, Stanek, and the Doe defendants however can be sued under §1983 in their individual capacities in addition to defendant City.

First, the defendants move to dismiss the amended complaint regarding the plaintiff's unconstitutional search and seizure claim brought under the Fourth Amendment. They claim that the stop of the plaintiff's truck and the resulting search and seizure were reasonable and did not violate the Fourth Amendment. The defendants also claim that they did not violate the plaintiff's Fourth Amendment rights because plaintiff failed to plead any specific facts regarding the consent exception to the warrant requirement. Rather, the defendants state that plaintiff only alleges that any consent he gave was

"involuntary, not freely given, and/or otherwise coerced."

The Fourth Amendment of the Constitution protects citizens from unreasonable searches and seizures. U.S. Const. amend. IV. The Supreme Court has stated that temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" under the Fourth Amendment. Whren v. United States, 517 U.S. 806, 809–10 (1996). Consequently, an automobile stop is "subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *Id.* at 810. Thus, the Fourth Amendment requires a police officer conducting a traffic stop to have at least reasonable suspicion of criminal activity. Delaware v. Prouse, 440 U.S. 648, 654 (1979). *See also* Commonwealth v. Andersen, 753 A.2d 1289, 1292–93 (Pa. Super. Ct. 2000). Moreover, courts determine whether reasonable suspicion exists by examining the totality of the circumstances surrounding the stop. Whren, 517 U.S. at 810; Delaware, 440 U.S. at 654; Terry v. Ohio, 392 U.S. 1, 21–22 (1968). The Third Circuit has further held that "any technical violation of a traffic code legitimizes a stop, even if the stop is merely pretext for an investigation of some other crime." United States v. Mosley, 454 F.3d 249, 252 (3d Cir. 2006) (citing Whren, 517 U.S. at 810). So long as a police officer has probable cause to believe a traffic violation has occurred, then he may constitutionally stop and temporarily detain the vehicle in question. Whren, 517 U.S. at 810.

Even though the Pennsylvania's Motor Vehicle Code contains an

implied consent provision, 75 Pa.C.S.A. §1547(a), stating, in part, that a person who drives in the state is deemed to have given consent to a breath test or a blood test to determine alcoholic content, the statute also provides that a person is deemed to have consented to such a test only "if a police officer has reasonable grounds to believe the person to have been driving [] in violation of . . . [§]3802 (relating to driving under the influence of alcohol or controlled substance) . . . ." In this case, plaintiff has alleged that defendants had no basis to believe that he was driving under the influence of alcohol. As such, plaintiff has alleged that the implied consent law did not apply to him.

The issue then becomes whether plaintiff freely and voluntarily gave his consent to the search based on the totality of the circumstances. *See* U.S. v. Price, 558 F.3d 270, 277-78 (3d Cir. 2009). No doubt that consent is an exception to the search warrant requirement. S*ee* U.S. v. Stabile, 633 F.3d 219, 243 (3d Cir. 2011), cert. denied, 565 U.S. 942 (2011). "Consent is an exception to the 'requirements of both a warrant and probable cause'", and "[c]onsent must be given voluntarily, and voluntariness may be gleaned from considering a range of factors." Id. at 230-31 (internal citations omitted). Further, "[t]he Government bears the burden of demonstrating that consent to search was given by a preponderance of the evidence." Wadley, 2007 WL 4593508, *3 (citations omitted). However, such a detailed examination of the facts as to whether plaintiff voluntarily gave his consent, is an issue that is more appropriately addressed after discovery is conducted in a later dispositive motion.

7

Moreover, as plaintiff points out, while a search incident to an arrest is also an exception to the warrant requirement, the arrest by the police must be lawful for this exception to apply. *See* U.S. v. Matthews, 532 Fed.Appx. 211, 217 (3d Cir. 2013). Here, plaintiff alleges that his arrest was not lawful since there was no probable cause to establish that he was driving under the influence of alcohol.

The defendants further argue that the plaintiff fails to plead sufficient facts to state a claim for unconstitutional search and seizure following the initial stop. "It is well settled that the government may undertake a search without a warrant or probable cause if an individual consents to the search." United States v. Kim, 27 F.3d 947, 955 (3d Cir. 1994). Police officers may justify a search on the basis of an individual's consent so long as "the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied." Schneckloth v. Bustamonte, 412 U.S. 218, 248 (1973).

Furthermore, in *Kentucky v. King,* the Supreme Court stated that law enforcement "may seek consent-based encounters if they are lawfully present in the place where the consensual encounter occurs." King, 563 U.S. at 453, 463. However, the Court held that "the Fourth Amendment requires only that the steps preceding the seizure [or search] be lawful." *Id.* at 463.

"Thus, if a police officer is in a position to seek consent solely due to a violation of the Fourth Amendment, then any subsequent consent-based search or seizure is invalid because it is therefore unreasonable to dispense of the Fourth Amendment warrant requirement." Hadesty v. Rush Township

Police Dept., Civil No. 14-2319 (M.D.Pa. March 15, 2016).

At this stage, the plaintiff has alleged facts demonstrating that defendants stopped him without reasonable suspicion or probable cause, thereby violating the Fourth Amendment. The plaintiff further sets forth factual allegations that the search and seizure of his blood and person occurred after the alleged unlawful stop. The defendants were allegedly only in a position to seek any alleged consent to extract plaintiff's blood because they violated the Fourth Amendment. Therefore, since any consent-based search by defendants was allegedly made possible only by virtue of defendants' unreasonable conduct, the subsequent search and seizure of plaintiff would be unlawful. *See Hadesty, supra*.

Suffice to say that at this stage, plaintiff's amended complaint has sufficiently plead a Fourth Amendment claim in Count I, since the court must take the facts alleged by the plaintiff to be true, and must make all inferences in favor of the plaintiff with respect to a Rule 12(b)(6) motion to dismiss. Thus, defendants' motion to dismiss is **DENIED** with respect to Count I.

In Count III, plaintiff raises a conspiracy claim against defendants under §1983. Defendants move to dismiss plaintiff's conspiracy claim under §1983 arguing that plaintiff failed to plead sufficient facts to show that they agreed to his unlawful stop and arrest as well as his seizure.

"In order to state a claim for conspiracy under section 1983, 'a plaintiff must establish (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the

9

conspiracy.'" Rosembert v. Borough of East Lansdowne, 14 F.Supp.3d 631, 647 (E.D.Pa. 2014) (citations omitted). "A plaintiff must allege that there was an agreement or meeting of the minds to violate his constitutional rights." Id. (citation omitted).

The court in *Rosembert, id.* at 648, stated:

"To withstand a motion to dismiss, a complaint alleging a civil rights conspiracy should identify with particularity the conduct violating plaintiffs' rights, the time and place of these actions, and the people responsible therefor." DeJohn v. Temple University, 2006 WL 2623274, at *5 (E.D.Pa. Sept. 11, 2006) (quoting Boddorff v. Publicker Indus., Inc., 488 F.Supp. 1107, 1112 (E.D.Pa.1980)). Specific allegations of an agreement to carry out the alleged chain of events is essential in stating a claim for conspiracy. Spencer v. Steinman, 968 F.Supp. 1011, 1020 (E.D.Pa.1997). "It is not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." Id.

Thus, in order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989). A civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights, (2) the time and the place of the conduct, and (3) the identity of the officials responsible for the conduct. Oatess v. Sobolevitch, 914 F.2d 428, 432 n.8 (3d Cir. 1990); *see also*, Colburn v. Upper Darby Twp., 838 F.2d 663 (3d Cir. 1988). As such, a plaintiff must allege with particularity material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to

deprive the plaintiff of a protected federal right. Id. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991). *See also* D.R. by L.R., 972 F.2d at 1377 (Court held that at the center of a conspiracy is an agreement or concerted action between individuals.).

Defendants contend that plaintiff has not pled his conspiracy claim with sufficient specificity and that it should be dismissed. They argue that "plaintiff fails to plead any facts demonstrating the 'meeting of the minds' necessary for a claim of unconstitutional conspiracy", and that "[he] fails to 'make specific allegations of combination or understanding among the Defendants' in relation to the alleged conspiracy."

In this case, plaintiff has alleged enough specific facts that tend to show that the defendants reached some understanding or agreement, and that they planned and conspired together to deprive him of his constitutional rights. The court finds that the plaintiff has provided specific factual averments with regard to the alleged conspiracy that existed amongst the defendant officers and that he has stated sufficient facts to support a plausible §1983 conspiracy claim against them. Thus, defendants' motion to dismiss is **DENIED** with respect to Count III.

## IV. CONCLUSION

For the foregoing reasons, the defendants' partial motion to dismiss will be **DENIED IN ITS ENTIRETY**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 29, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2369-01.wpd